Tanya E. Moore, SBN 206683
K. Randolph Moore, SBN 106933
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046

Attorneys for Plaintiff
John Morales

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN MORALES, | ) No. |
| Plaintiff, | ) **PLAINTIFF'S COMPLAINT FOR** |
| vs. | ) **INJUNCTIVE RELIEF, DECLARATORY** |
| | ) **RELIEF, DAMAGES, ATTORNEYS'** |
| FRANK CHIMIENTI and PASQUA CHIMIENTI, TRUSTEES OF THE FRANK CHIMIENTI and PASQUA CHIMIENTI REVOCABLE LIVING TRUST AGREEMENT, JAMES THOMPSON dba SNO-WHITE, | ) **FEES AND COSTS (ADA)** |
| Defendants. | ) |

## I.  SUMMARY

1. This is a civil rights action by plaintiff John Morales ("Morales") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

SNO WHITE
4085 N. Clovis Avenue
Fresno, CA  93727
(hereafter "the Restaurant")

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

Page 1

2. Morales seeks damages, injunctive and declaratory relief, attorney fees and costs, against FRANK CHIMIENTI and PASQUA CHIMIENTI, TRUSTEES OF THE FRANK CHIMIENTI and PASQUA CHIMIENTI REVOCABLE LIVING TRUST AGREEMENT and JAMES THOMPSON dba SNO-WHITE, (referred hereinafter to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Morales's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7. Defendants own, operate, and/or lease the Restaurant, and consist of a person (or persons), firm, and/or corporation.

8. Morales is paraplegic and requires use of a wheelchair when traveling about in public. Consequently, Morales is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9. The Restaurant is a public accommodation facility serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Morales visited the Restaurant and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges and accommodations offered at the Restaurant. Morales personally encountered the following barriers at the Restaurant:

1) No accessible parking space was available to Morales, forcing him to park in the back of the Restaurant far away from the entrance. Morales believes, and thereon alleges, that either there was no designated accessible parking, or the accessible parking which was provided was not properly designated and configured rendering it unavailable to him;

2) The front door of the Restaurant was too heavy and Morales could not open it without assistance;

3) He then proceed to look for an accessible table and could not find one inside or outside – so he had to put his burger and fries on his knees;

4) His wheelchair would not fit the restroom because the doors and hallways were too narrow and Morales was not able to use the restroom.

11. Morales was, and continues to be, deterred from visiting the Restaurant because he knows that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to him due to his physical disabilities. Morales continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

1) Missing and/or incorrect warning signage is installed at the parking facilities;

2) Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

3) Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

4) There is no properly configured and/or identified accessible route provided within the boundary of the site;

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

5) There are no sufficient clearances provided for a wheelchair inside the restaurant;

6) There is no accessible seating provided in the Restaurant;

7) There is no accessible restroom provided.

Morales enjoys the goods and services offered at the Facility, lives in Fresno, and will return to the Facility once the barriers are removed.

12.   Defendants knew or should have known that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13.   At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Defendants have not removed such impediments and have not modified the Restaurant to conform to accessibility standards.  Defendants have intentionally maintained the Restaurant in its current condition and have intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

VI.   FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

14.   Morales incorporates the allegations contained in paragraphs 1 through 13 for this claim.

15.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

16. Defendants discriminated against Morales by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Restaurant during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

17. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

18. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

19. Here, Morales alleges that Defendants can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20. In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct and Accessible Facility

21. Plaintiff alleges on information and belief, that the Restaurant was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

22. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

23.   Here, Defendants violated the ADA by designing and constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public – including Morales– when it was structurally practical to do so.[1]

Failure to Make an Altered Facility Accessible

24.   Plaintiff alleges on information and belief, that the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

25.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

26.   Here, Defendants altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Morales– to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

27.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

28.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

29.   Morales seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

30.   Morales also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.   SECOND CLAIM

### Disabled Persons Act

31.   Morales incorporates the allegations contained in paragraphs 1 through 30 for this claim.

32.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

33.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

34.   Both sections specifically incorporate (by reference) an individual's rights under the ADA.  See Civil Code §§ 54(c) and 54.1(d).

35.   Here, Defendants discriminated against the physically disabled public – including Morales– by denying them full and equal access to the Restaurant.  Defendants also violated Morales's rights under the ADA, and therefore, infringed upon or violated (or both) Morales's rights under the Disabled Persons Act.

36.   For each offense of the Disabled Persons Act, Morales seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

37.   Plaintiff also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and costs incurred under California Civil Code §§ 54.3 and 55.

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

## VIII.   THIRD CLAIM

**Unruh Civil Rights Act**

38. Morales incorporates the allegations contained in paragraphs 1 through 37 for this claim.

39. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

40. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

41. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

42. Defendants' aforementioned acts and omissions denied the physically disabled public – including Morales – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

43. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Morales by violating the Unruh Act.

44. Morales was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

45. Morales also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

46. Morales incorporates the allegations contained in paragraphs 1 through 45 for this claim.

47. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code § 4450.

48. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

49. Morales alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

50. Defendants' non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Morales and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X.   PRAYER FOR RELIEF

WHEREFORE, Morales prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.
6. For such other and further relief as the Court deems proper.

Dated: March 25, 2011                                           MOORE LAW FIRM

/s/ Tanya E. Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Morales v. Chimienti, et al.*

Plaintiff's Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                                                        Tanya E. Moore
Attorney for Plaintiff,
John Morales

*Morales v. Chimienti, et al.*

Plaintiff's Complaint